IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

M.E. DOUTT AND SCOTT STANLEY, )
CHAIRMAN AND SECRETARY )
TRUSTEES, ON BEHALF OF THE )
BOARD OF TRUSTEES OF THE )
WESTERN PENNSYLVANIA )
TEAMSTERS AND EMPLOYERS )
WELFARE FUND, )
      Plaintiff, )
 )
    vs. )    Civil Action No.  2:21-cv-53
 )
THE COUNTY OF ALLEGHENY )
 )
Defendant. )

## COMPLAINT

Plaintiff, the Board of Trustees of the Western Pennsylvania Teamsters and Employers Welfare Fund ("Welfare Fund"), by its counsel, Vincent P. Szeligo, Esq., hereby files the within Complaint, of which the following is a statement:

1. Plaintiff Welfare Fund brings this action to recover delinquent employee health benefit plan contributions determined to be due, and to restore all plan losses resulting from the actions taken by Defendant, The County of Allegheny ("County"), an employer obligated to contribute to the Welfare Fund.

2. Welfare Fund is a self-insured, multiemployer employee benefit plan as that term is defined by Sections 3(3) and 3(37) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1002(3) and (37). Welfare Fund is established and maintained according to the provisions of various plan documents, including but not limited to an Agreement and Declaration

of Trust ("Trust Agreement"), Exhibit A, and, as pertinent to this action, Welfare Fund Benefit Plan 9AC, Exhibit B, which is the benefit plan in which County enrolled its Teamsters Bargaining Unit employees.

3. The plan sponsor of the Welfare Fund is a jointly trusteed, labor-management board of trustees. The Trustees of the Welfare Fund are its Administrators and are its named fiduciaries, as those terms are defined in Sections 3(16)(A) and 402(a)(2) of ERISA, 29 U.S.C. §§1002(16)(A), 1102(a)(2). The administrative office of the Welfare Fund is located at 50 Abele Road, Suite 1005, Bridgeville, PA 15017.

4. Defendant County is a home rule county government organized under the Second Class County Charter Law, 16 P.S. §§6101-C – 6113-C, with a principal place of business at 101 County Courthouse, 436 Grant Street, Pittsburgh, PA 15219.

5. Following a procedure initiated in April 2018, as set forth in collective bargaining agreements with Teamsters Local Union No. 249 ("Local 249") to provide healthcare coverage for covered employees, County agreed to enroll its Teamsters Bargaining Unit employees, approximately 550 of County's 6,000 employees, in the Welfare Fund. Enrollment became effective for healthcare coverage on November 1, 2019.

6. County was aware that Welfare Fund per-employee, monthly contribution rates were subject to annual increase effective January 1, 2020; however, it failed to pay the increased monthly contribution rates in violation of its obligation under Section 515 of ERISA, 29 U.S.C. §1145 (obligating employers to make employee benefit contributions in accordance with the terms and conditions of the plan or the collective bargaining agreement.)

7. This Court has jurisdiction of this action for collection of the contribution shortfall of $456,027.10 under Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1).

8.   Venue in this Court is proper under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Fund is administered in this judicial district and because County has failed to make employee benefit contributions in this judicial district. Venue in this Court is also proper under 28 U.S.C. §1391(b) as the actions of County complained of herein either occurred within this judicial district and/or had their intended effects within this judicial district.

### *Factual Background*

9.   On November 16, 2017, County entered into two Memorandums of Understanding, with Local 249, executed November 16, 2017 and effective January 1, 2017 – December 31, 2020, incorporating identical healthcare terms for successor Collective Bargaining Agreements covering Teamsters Bargaining Units 301 & 1601) (hereinafter "CBA").

10.   As of the effective date of the CBA, County was providing healthcare coverage to approximately 6,000 employees (including the Teamsters Bargaining Units) under a County sponsored health plan.

11.   During negotiation of the CBA, Local 249 sought to obligate County to provide healthcare coverage for the Teamsters Bargaining Unit employees through the Welfare Fund; however, instead the CBA established a detailed reopener/arbitration process (Article XXII ("HEALTHCARE")) which was to determine whether Teamsters Bargaining Unit employees would be covered under the County plan or the Welfare Fund's plan.

12.   The culmination of the CBA reopener/arbitration process was an arbitration award dated April 16, 2019, Exhibit C, (hereinafter "Award").

13.   The reopener/arbitration process was timely initiated by Local 249 under the April 1, 2018 reopener mechanism, which involved the exchange of data so that the cost of the County plan could be compared to the cost of a plan offered by the Welfare Fund. Local 249 and

County were to bargain over any proposed change in the healthcare plan sponsor and if a mutual agreement could not be reached, either party could invoke expedited arbitration, whereby an arbitrator would have authority to order County to enroll the Teamsters Bargaining Unit employees in either the County plan or the Welfare Fund's plan.

14. The reopener/arbitration process resulted in an April 8, 2019 arbitration hearing, at which the Welfare Fund's actuary provided a menu of healthcare benefits which could be offered at a contribution rate of $ 1,226.00 per employee per month for January 1, 2019 – December 31, 2019 coverage. The Welfare Fund actuary specifically calculated the costs based on medical cost inflationary trends and forecasting methods, as is the general practice of actuaries of self-insured plans in determining rates for future coverage.

15. Upon consideration of the cost data, the Award issued by Arbitrator Jane Desimone, Esq., Exhibit C, "directed that the bargaining unit members shall be enrolled in the Healthcare Plan offered by the Western Pennsylvania Teamsters and Employers Welfare Fund, as set forth by IBT Local 249."

16. By letter dated May 10, 2019, Exhibit D, Legal Counsel for Local 249 provided County with step by step instructions and materials to facilitate prompt enrollment of the Teamsters Bargaining Unit employees, including a document explaining "the current [$1,226.00] pricing and that the rate will renew in January 2020." Exhibit E.

17. County complied with the April 16, 2019 Award, enrolling its Teamsters Bargaining Units in the Welfare Fund, effective November 1, 2019, and paying the $1,226.00 rate for November and December, 2019 benefit coverage under Welfare Fund Plan 9AC.

18. By email of November 1, 2019, Exhibit F, Welfare Fund advised County that transition of coverage had been successful and notified County of the upcoming 2020 rate

increase of 5%, increasing the 2019 contribution rate of $1,226.00 to $1,287.30 for coverage billed on the December invoice for January 2020 coverage.

19. On November 12, 2019, prior to the CBA's second reopener/arbitration process available on April 1, 2020, County disputed it was obligated to honor the Welfare Fund's 2020 contribution rate. Exhibit G.

20. On December 30, 2019, County remitted payment for January 2020 coverage, which County neither computed at the 2019 rate, nor at the 2020 rate. After a second request for an explanation, County asserted it was able to unilaterally change the contribution rate to $1,186.00. Exhibit H.

21. Welfare Fund repeatedly notified County that it was not authorized to unilaterally determine the contribution rate for the healthcare benefit package provided; however, County continued contributing at a $1,186.00 rate for all of 2020.

22. County was aware that under Welfare Fund's Trust Agreement, contributing employers are obligated to pay contribution rates established by the Welfare Fund. Nevertheless, County continued to enjoy the benefit of Welfare Fund coverage for its Teamsters Bargaining Unit employees until it terminated participation in the Welfare Fund and provided coverage under the County sponsored plan effective January 1, 2021.

23. Welfare Fund has repeatedly demanded payment of delinquent contributions, together with liquidated damages and additional damages provided under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and provisions of the Welfare Fund Trust Agreement.

    WHEREFORE, Plaintiff prays for judgment as follows:

    A.    Awarding Welfare Fund all unpaid contribution shortfalls owed by The County of Allegheny in the principal amount of $456,027.10;

B. Awarding Welfare Fund 8% interest on all unpaid contributions, as provided by Section 502(g)(2)(B) of ERISA, 29 U.S.C. §1132(g)(2)(B), and the Welfare Fund Trust Agreement;

C. Awarding Welfare Fund's reasonable attorney's fees and costs of this action as provided by Section 502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D), and the Welfare Fund Trust Agreement; and,

D. For such further appropriate relief as the Court may deem equitable.

WESTERN PENNSLYVANIA TEAMSTERS AND EMPLOYERS WELFARE FUND

By: *s/ Vincent P. Szeligo*
Vincent P. Szeligo
PA I.D. #28967
*vszeligo@wpawelfarefund.com*

Western Pennsylvania Teamsters And Employers
 Welfare Fund
50 Abele Road, Suite 1005
Bridgeville, PA 15017
412-363-2700 (phone)
724-638-9536 (direct)
412-363-0580 (fax)